1 | Steve Whitworth, Esq. (SBN: 249111)
**Law Office of Steve Whitworth**
2 | 9245 Laguna Springs Drive, Suite 200
Elk Grove, CA 95758
3 | Telephone:    916-668-5970
Facsimile:    916-668-5971
4 | Email: steve@stevewhitworth.com

5

Attorney for Plaintiffs

6

7 | UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
8

9

| | |
|---|---|
| Hari Pal, Jr., Priya Devi, | No. |
| Plaintiffs, | **COMPLAINT FOR DAMAGES, WITH DEMAND FOR JURY TRIAL** |
| v. | Causes of Action |
| United States Customs and Border Protection Agency of the United States; Department of Homeland Security; City of Modesto; City of Modesto Police Department, and Does 1-50,<br><br>Defendants. | 1. Violation of 4th and 14th Amendments to the United States Constitution;<br>2. Violation of 8th and 14th Amendments to the United States Constitution;<br>3. Violation of 42 United States Code §1983;<br>4. Violation of Art. 1 Section 7 of the California Constitution ;<br>5. False Imprisonment. |

Plaintiffs and Relator allege as follows:

## I.    INTRODUCTION

1.    This is an action to recover damages caused to the Plaintiffs arising from the wrongful disruption of Plaintiffs' travel by imprisonment of one of the Plaintiffs in violation of the United States and California Constitutions and other legal rights.

## II.    JURISDICTION AND VENUE

2.    This Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. §1331, because the initial and the majority of the acts alleged occurred in this district and this case involves questions of United States constitutional and federal law.

1

3.      This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. §1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiffs' state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiffs' federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

4.      Venue is proper in, and Defendants are subject to the personal jurisdiction of, this Court because Defendants United Stated Customs and Border Protection Agency of the United States Department of Homeland Security, City of Modesto; and City of Modesto Police Department all operate in this District, and a substantial part of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b).

5.      Pursuant to Local Rule 3-2(c) & (d) of this District, assignment to this Court is proper because a substantial part of the events giving rise to Plaintiffs' claims occurred as a result of the neglect by the City of Modesto and City of Modesto Police Department.

### III.      Nature of This Action

6.      This is an action brought pursuant to Amendments 4, 8 and 14 of the United States Constitution, Article 1 of the California Constitution, and federal and California state law.

7.      Plaintiffs seek redress for the loss of their vacation, embarrassment and frustration among other damages stemming from the greater harm of deprivation of liberty of Plaintiff Pal by arrest for alleged violation of a Protective Order that had been terminated years before and was no longer in force.

8.      Plaintiffs seek general damages, special damages and attorney's fees in redress for the harm done to them.

### IV.      Parties

9.      Plaintiff Hari Pal, Jr. is a natural person currently residing in Sacramento County, in the State of California.

10.     Plaintiff Playa Devi is a natural person currently residing in Sacramento County, in the State of California.

2

1    11.    The United Stated Customs and Border Protection Agency of the United States

2    Department of Homeland Security is an agency of the United States Government operating within

3    the San Francisco International Airport pursuant to 19 U.S. Code §1589a.

4    12.    The City of Modesto is a charter city and a legal entity. However the Modesto Police

5    Department is not a legal entity, but a subpart of the City of Modesto. For that reason references

6    to the City of Modesto include the Modesto Police Department.

7    13.    Defendant Modesto Police Department is a department within the California City of

8    Modesto.

9    14.    Defendants DOES 1-50, inclusive, are sued herein under fictitious names. Their true

10   names and capacities are unknown to Plaintiffs. When their true names and capacities are

11   ascertained, Plaintiffs will amend the complaint by inserting their true names and capacities

12   herein.

13   15.    Plaintiffs are informed and believe and thereon allege that each of the fictitiously named

14   Defendants are responsible in some manner for the occurrences herein alleged and that Plaintiffs'

15   damages as herein alleged were actually and proximately caused by those Defendants. Each

16   reference in this complaint to "Defendant," "Defendants," or a specifically named Defendant

17   refers also to all Defendants sued under fictitious names.

18   16.    Plaintiffs are informed and believe and thereon allege that at all times herein mentioned

19   each of Defendants, including all Defendants sued under fictitious names, was the agent and

20   employee of each of the remaining Defendants, and in doing things hereinafter alleged, was

21   acting within the course and scope of this agency and employment.

22

23                         **V.    Statement of Facts**

24   17.    Plaintiffs Hari Pal, Jr. and Priya Devi are husband and wife.

25   18.    Plaintiffs have been married since 2007.

26   19.    At some point during their marriage, Plaintiffs separated for a period of time.

27   20.    Related to this separation, Plaintiff Priya Devi obtained a Protective Order (#1410458) in

28   Stanislaus County against her husband.

21.     The said Protective Order prevented Plaintiff Hari Pal, Jr. from coming within 100 yards

of Plaintiff Priya Devi and from contacting Plaintiff Priya Devi.

22.     The said Protective Order issued on 12-03-2009 and had a stated expiration date of 12-03-

2019.

23.     At some time after obtaining the Protective Order, Plaintiffs reconciled and continued the

marriage.

24.     On July 17, 2014 a Notice of Termination of Protective Order In Criminal Proceeding

(CLETS) (hereinafter Notice of Termination) was filed. *See a true and accurate copy of the*

*Notice of Termination* provided as **Exhibit A**.

25.     The Notice of Termination included the selection of the optional Order that "The arresting

agency or local law enforcement agency is responsible of entry of this order into the Domestic

Violence Registry."

26.     Given that this Notice of Termination included reference to the CLETS system and

required entry of order into the Domestic Violence Registry, Plaintiffs are informed and believe

that the Domestic Violence Registry stated in the order is the CLETS system.

27.     The California Law Enforcement Telecommunications System (CLETS), Plaintiffs are

informed and believe, is a system to provide information to courts and law enforcement agencies

throughout the State of California about the validity of Protective Orders and Terminations of

Protective Orders such as Plaintiffs had obtained.

28.     Given the circumstances surrounding this Order, the local law enforcement agency

referenced in the Notice of Termination which bore the responsibility of entering this terminating

order while not specifically named in the Termination Order was the City of Modesto through its

Modesto Police Department.

29.     The City of Modesto through its Police Department failed to carry out this order to enter

the Notice of Termination into the CLETS system as Plaintiffs later discovered.

30.     The California Superior Court, Stanislaus County did not enter the Notice of Termination

into the CLETS system.

31.     Plaintiffs were unaware and uninformed that the Notice of Termination was not entered

4

1    into the CLETS system.

2    32.    Therefore both Plaintiffs believed and acted on the belief that the Protective Order had

3    been terminated allowing Plaintiffs to resume living and traveling together and to enjoy the

4    benefits of their marriage.

5    33.    Since both Plaintiffs relied on the Termination Order to have terminated the Protective

6    Order and the California Superior Court, Stanislaus County and/or City of Modesto through its

7    Modesto Police Department to have properly recorded the termination in the Domestic Violence

8    Registry, Plaintiffs went about their lives without any expectation that the Protective Order since

9    terminated might be enforced or any attempt to proactively protect against mistake on the part of

10   the City of Modesto through its Modesto Police Department.

11   34.    Plaintiffs therefore booked a joint vacation to the Bahamas in 2017.

12   35.    Plaintiffs traveled to the Bahamas as planned and returned without incident.

13   36.    At no time related to their vacation or otherwise, was there any event that would lead to

14   Plaintiffs to suppose that the Protective Order was still in place.

15   37.    In 2018, Plaintiffs again planned a vacation.

16   38.    On or about April 14, 2018 a vacation package for two was purchased for Plaintiffs to

17   travel to and from Dubai, United Arab Emirates from September 18 through 28 of 2018 in the

18   amount of $2,998.00. The said vacation package included airfare, hotel, and transportation to and

19   from the hotel and the airport.

20   39.    Plaintiff Hari Pal, Jr. was employed at the time as a truck driver for Sierra Waste

21   Transport, Inc.

22   40.    Plaintiff Hari Pal, Jr. requested and obtained time off from his employer Sierra Waste

23   Transport, Inc. for the purpose of taking the planned vacation.

24   41.    Plaintiff Devi was also employed at the time of vacation.

25   42.    Plaintiff Devi requested and obtained time off from her employer for the purpose of taking

26   the planned vacation.

27   43.    Plaintiffs packed luggage, made arrangements for their residence while they would be

28   absent and otherwise prepared for their vacation.

5

44.     On the afternoon of September 18, 2018 Plaintiffs traveled to the San Francisco

International Airport in pursuit of their planned travel to Dubai.

45.     At San Francisco International Airport, Plaintiffs checked their luggage and proceeded

through security to San Francisco International Airport Gate A9 for departure.

46.     Plaintiffs remained at the gate waiting to board as the airline began boarding other

passengers.

47.     At Gate A9, Plaintiffs' names were called via the intercom system. Plaintiffs assumed that

they were being called to board the aircraft.

48.     As Plaintiffs approached the Gate A9 desk, they were met by two female United Stated

Customs and Border Protection Officers, including a certain Officer Ni (#23469).

49.     Officer Ni and her unnamed United Stated Customs and Border Protection Officer partner

detained and separated Plaintiffs, taking away their passports.

50.     Plaintiffs each independently declared to the United Stated Customs and Border

Protection Officer detaining them that parties were reconciled and that the Protective Order was

no longer standing and had been terminated.

51.     Approximately fifteen minutes after the Plaintiffs were detained, San Francisco Police

Department – Airport Bureau Officers DeJesus (#1992), Leo Capovilla (#133) and John Leong

(#228) arrived at Gate A9.

52.     Officer Leong spoke with Officer Ni and was shown a printout of the now terminated

Protective Order from Stanislaus County.

53.     Officer Leong called The City of Modesto, Modesto Police Department to confirm the

Protective Order was still operational.

54.     City of Modesto, Modesto Police Department employee "Heather" #13092 answered

Officer Leong's call with an affirmative statement as to the current nature of the Protective Order.

55.     The answer provided by City of Modesto, Modesto Police Department employee

"Heather" #13092 was wrong.

56.     In addition to information in the CLETS system, Modesto Police should have had the

Terminating Order itself in their own records independent of whether it was entered properly into

6

1   the CLETS or any other system.

2   57.      It is unknown to what system or record City of Modesto, Modesto Police Department

3   employee "Heather" #13092 consulted to wrongly assert that the terminated order was in fact still

4   in force, but it certain that the wrong information was in fact given to the inquiring San Francisco

5   Officer.

6   58.      Based on the erroneous and neglectful misinformation by the Modesto Police Department,

7   Officer Leong arrested Plaintiff Hari Pal, Jr. in front of his wife, Plaintiff Priya Devi, and in front

8   of all the passengers, airline and airport staff then present in the San Francisco International

9   Airport Gate A9.

10   59.      Both Plaintiffs independently objected to the arrest and both referred to the terminating

11   document as ending the Protective Order to each successive law enforcement officer to become

12   involved.

13   60.      Specifically San Francisco Officer Leong reported that Plaintiff Devi showed shock at the

14   arrest and plainly stated that she was reconciled with her husband and the Protective Order had

15   been "rescinded". *See a true and correct copy of Officer Leong's Report attached as* **Exhibit B**.

16   61.      No effort was made on the part of the arresting Officers to confirm the Termination Order

17   with Modesto Police Department or the California Superior Court, Stanislaus County, even after

18   each Plaintiff independently made them aware of its existence.

19   62.      Especially egregious was the choice to ignore the protestations of Plaintiff Devi who was

20   the protected party in the Protective Order as could be seen by the copy shown to him.

21   63.      When Plaintiff Devi protested the arrest and declared that the Protective Order was

22   "rescinded", it appears that her words and her behavior which was quite consistent with her words

23   were simply ignored.

24   64.      Instead, Plaintiffs were each counseled to contact Legal Counsel.

25   65.      Considering the time of giving the advice, late in the afternoon of Tuesday, September 18,

26   2018, and the fact that boarding had already begun for a departure time of 4:45 p.m. it is possible

27   but not likely that counsel could be contacted immediately and provide information effectively.

28   66.      Plaintiff Hari Pal, Jr. was then escorted to a vehicle by City and County of San Francisco

1   Officers DeJesus and Yu (#1010) and transported to the San Mateo County Jail for booking.

2   67.     Plaintiff Devi was escorted from the gate to collect their luggage and cancel the vacation.

3   68.     Plaintiff Hari Pal, Jr. was in the San Mateo County Jail for several hours until he was able

4   to obtain and post bail in the amount of $15,000.00 from within the jail.

5   69.     Both Plaintiffs lost their flight and vacation.

6   70.     Plaintiff Hari Pal, Jr. lost his freedom without legal justification and in contradiction to the

7   guarantees of the United States Constitution and California Constitution.

8   71.     Plaintiff Devi suffered humiliation and stress as she was forced to be separated from her

9   husband and abandon their travel plans.

10   72.     Both Plaintiffs suffered embarrassment in front of airport and airline staff and other

11   passengers in the San Francisco International Airport.

12   73.     Both Plaintiffs suffered embarrassment in front of in front of their co-workers, friends and

13   relatives who were interested in their vacation.

14   **VI.     First Cause of Action:**
   **Violation of the Fourth and Fourteenth Amendments to the United States Constitution**

15

16   74.     Plaintiffs re-allege and incorporate by reference all of the allegations in the preceding

   paragraphs as though set forth herein.
17

18   75.     The Fourth Amendment to the United States Constitution provides that "The right of the

   people to be secure in their persons, houses, papers, and effects, against unreasonable searches
19

   and seizures, shall not be violated."
20

21   76.     Plaintiff Pal found himself insecure as to his right against seizure as he was detained by

   the officers of the United Stated Customs and Border Protection Agency of the United States
22

   Department of Homeland Security and then arrested by the Officers of the City and County of
23

   San Francisco and finally placed in a jail operated by the Sheriff's Department of the County of
24

   San Mateo.
25

26   77.     In fact, Plaintiff Pal found himself arrested and booked into the San Mateo County jail on

   a Protective Order that had already been terminated.
27

28   78.     The Fourth Amendment applies to Defendant United Stated Customs and Border

1    Protection Agency of the United States Department of Homeland Security Officers and they

2    violated that fundamental right of Plaintiffs to be secure.

3    79.    The Fourteenth Amendment to the United States Constitution, Section. 1 reads "All

4    persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens

5    of the United States and of the State wherein they reside. No State shall make or enforce any law

6    which shall abridge the privileges or immunities of citizens of the United States; nor shall any

7    State deprive any person of life, liberty, or property, without due process of law; nor deny to any

8    person within its jurisdiction the equal protection of the laws."

9    80.    The Fourteenth Amendment applies the Fourth Amendment to the officers of the City and

10    County of San Francisco, San Mateo County, and Modesto Police Department as part of the City

11    of Modesto.

12    81.    Officers of the City and County of San Francisco, San Mateo County, and Modesto Police

13    Department as part of the City of Modesto held Plaintiff Pal on alleged violation of the California

14    Penal Code §273.6.

15    82.    In fact, Plaintiff Pal was not able to violate California Penal Code at the time he was

16    alleged to have done so by the officers of the City and County of San Francisco, San Mateo

17    County, and Modesto Police Department as part of the City of Modesto because there was no

18    Protective Order in places after the Notice of Termination was ordered by the California Superior

19    Court, Stanislaus County.

20    83.    A search of the California Superior Court, Stanislaus County website using the last name

21    of Plaintiff Pal brings up the Notice of Termination as the concluding event of the Protective

22    Order in a matter of seconds with minimal effort.

23    84.    Plaintiff Hari Pal, Jr. was booked into the San Mateo County Jail for several hours until he

24    was able to obtain and post bail in the amount of $15,000.00.

25    85.    Both Plaintiffs lost their flight and vacation.

26    86.    Plaintiff Hari Pal, Jr. lost his freedom without legal justification and in contradiction to the

27    guarantees of the Fourth and Fourteenth Amendments to the United States Constitution.

28    87.    Plaintiff Devi suffered humiliation and stress as she was forced to be separated from her

1    husband and abandon their travel plans.

2    88.    Both Plaintiffs suffered embarrassment in front of airport and airline staff and other

3    passengers in the San Francisco International Airport.

4    89.    Both Plaintiffs suffered embarrassment in front of in front of their friends and relatives

5    who were interested in their vacation.

6    90.    Plaintiffs suffered costs and damages in an amount to be shown at trial.

7

8                          **VII.    Second Cause of Action**
     **Violation of the Eighth and Fourteenth Amendments to the United States Constitution**
9
     91.    Plaintiffs re-allege and incorporate by reference all of the allegations in the preceding
10
     paragraphs as though set forth herein.
11
     92.    The Eighth Amendment to the United States Constitution reads "Excessive bail shall not
12
     be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."
13
     93.    Plaintiff Pal found himself required to pay bail in order to be released from the San Mateo
14
     County Jail by the successive actions of the Defendant United Stated Customs and Border
15
     Protection Agency of the United States Department of Homeland Security Officers, Officers of
16
     Defendant City and County of San Francisco, San Mateo County, and the Modesto Police
17
     Department as part of the City of Modesto.
18
     94.    In fact, Plaintiff Pal found himself arrested and booked into the San Mateo County jail on
19
     a Protective Order that had already been terminated.
20
     95.    Officers of the City and County of San Francisco, San Mateo County, and Modesto Police
21
     Department as part of the City of Modesto held Plaintiff Pal on alleged violation of the California
22
     Penal Code §273.6.
23
     96.    In fact, Plaintiff Pal was not able to violate California Penal Code at the time he was
24
     alleged to have done so by the officers of the City and County of San Francisco, San Mateo
25
     County, and Modesto Police Department as part of the City of Modesto because there was no
26
     Protective Order in place after the Notice of Termination was ordered by the California Superior
27
     Court, Stanislaus County.
28
                                          10

97.     Plaintiff Pal was therefore required to post bail for an alleged violation of a Protective

Order than in fact no longer existed.

98.     Defendant City and County of San Francisco could have inquired if the Notice of

Termination mentioned by each Plaintiff independently was in fact in existence by a second call

to the City of Modesto Police Department, but the record provided by the City and County of San

Francisco in fact reflects that no attempt was made to verify the allegation of Plaintiffs.

99.     A search of the California Superior Court, Stanislaus County website using the last name

of Plaintiff Pal brings up the Notice of Termination as the concluding event of the Protective

Order in a matter of seconds with minimal effort.

100.    Plaintiff Hari Pal, Jr. was booked into the San Mateo County Jail for several hours until he

was able to obtain and post bail in the amount of $15,000.00.

101.    The money spent by Plaintiff Pal to post bail was non-refundable.

102.    The money spent on bail was community property funds and therefore was a damage to

both Plaintiffs.

103.    Plaintiffs suffered costs and damages in an amount to be shown at trial.

## VIII.   Third Cause of Action
## Violation of 42 United States Code §1983

104.    Plaintiffs re-allege and incorporate by reference all of the allegations in the preceding

paragraphs as though set forth herein.

105.    The United States Code Title 42 §1983 states that "Every person who, under color of any

statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of

Columbia, subjects, or causes to be subjected, any citizen of the United States or other person

within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured

by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity,

or other proper proceeding for redress."

106.    Plaintiff Pal found himself deprived of his liberty without due process of law by first the

federal Officers of Defendant United Stated Customs and Border Protection Agency of the United

States Department of Homeland Security and then by and Modesto Police Department as part of

1   the City of Modesto.

2   107.   Officers of the United Stated Customs and Border Protection Agency of the United States

3   Department of Homeland Security, and Modesto Police Department as part of the City of

4   Modesto held Plaintiff Pal on alleged violation of the California Penal Code §273.6.

5   108.   In fact, Plaintiff Pal was not able to violate California Penal Code at the time he was

6   alleged to have done so by the officers of the City and County of San Francisco, San Mateo

7   County, and Modesto Police Department as part of the City of Modesto because there was no

8   Protective Order in places after the Notice of Termination was ordered by the California Superior

9   Court, Stanislaus County.

10   109.   A search of the California Superior Court, Stanislaus County website using the last name

11   of Plaintiff Pal brings up the Notice of Termination as the concluding event of the Protective

12   Order in a matter of seconds with minimal effort.

13   110.   In fact, Plaintiff Pal found himself arrested and booked into the San Mateo County jail on

14   a Protective Order that had already been terminated.

15   111.   Plaintiff Hari Pal, Jr. was booked into the San Mateo County Jail for several hours until he

16   was able to obtain and post bail in the amount of $15,000.00.

17   112.   Both Plaintiffs lost their flight and vacation.

18   113.   Plaintiff Hari Pal, Jr. lost his freedom without legal justification and in violation of United

19   States Code Title 42 §1983.

20   114.   Plaintiff Devi suffered humiliation and stress as she was forced to be separated from her

21   husband and abandon their travel plans.

22   115.   Both Plaintiffs suffered embarrassment in front of airport and airline staff and other

23   passengers in the San Francisco International Airport.

24   116.   Both Plaintiffs suffered embarrassment in front of in front of their co-workers, friends and

25   relatives who were interested in their vacation.

26   117.   Plaintiffs suffered costs and damages in an amount to be shown at trial.

27   ///

28   ///

### IX.   Fourth Cause of Action
### Violation of the California State Constitution, Article 1, §7

118.   Plaintiffs re-allege and incorporate by reference all of the allegations in the preceding paragraphs as though set forth herein.

119.   The California Constitution provides in Article 1, Section 7(a) that "A person may not be deprived of life, liberty, or property without due process of law or denied equal protection of the laws."

120.   Plaintiff Pal found himself deprived of his liberty without due process of law by first federal Customs Officers and subsequently City and County of San Francisco Officers, San Mateo County Sherriff Officers, and because of the neglectful actions or omissions of the Modesto Police a Department of the City of Modesto.

121.   In fact, Plaintiff Pal found himself arrested and booked into the San Mateo County jail on a Protective Order that had already been terminated.

122.   Plaintiff Hari Pal, Jr. was booked into the San Mateo County Jail for several hours until he was able to obtain and post bail in the amount of $15,000.00.

123.   Both Plaintiffs lost their flight and vacation.

124.   Plaintiff Hari Pal, Jr. lost his freedom without legal justification and in contradiction to the guarantees of the California Constitution Article 1, Section 7(a).

125.   Plaintiff Devi suffered humiliation and stress as she was forced to be separated from her husband and abandon their travel plans.

126.   Both Plaintiffs suffered embarrassment in front of airport and airline staff and other passengers in the San Francisco International Airport.

127.   Both Plaintiffs suffered embarrassment in front of in front of their co-workers, friends and relatives who were interested in their vacation.

128.   Plaintiffs suffered costs and damages in an amount to be shown at trial.

///

///

///

13

**X.      Fifth Cause of Action:**
**False Imprisonment**

129.     Plaintiffs re-allege and incorporate by reference all of the allegations in the preceding paragraphs as though set forth herein.

130.     The definition of the offense of false imprisonment is the same whether alleged as a tort or a crime, *Dillon v. Haskell*, 78 Cal.App.2d 814, 816, (1947). False imprisonment, as defined in California Penal Code §236, is the unlawful violation of the personal liberty of another.

131.     Plaintiff Pal found himself deprived of his liberty without lawful reason to do so first by federal Customs and Border Officers and subsequently by City and County of San Francisco Officers and County of San Mateo Officers.

132.     In fact, the arrest of Plaintiff PAL was unlawful as he was not able to violate California Penal Code at the time he was alleged to have done so by the federal United States Customs and Border Officers and by the officers of the City and County of San Francisco, and San Mateo County, upon the advice and consent of the Modesto Police Department as part of the City of Modesto because there was no Protective Order in place after the Notice of Termination was ordered by the California Superior Court, Stanislaus County.

133.     Plaintiff Pal found himself arrested and booked into the San Mateo County jail on a Protective Order that had already been terminated.

134.     Plaintiff Hari Pal, Jr. was booked into the San Mateo County Jail for several hours until he was able to obtain and post bail in the amount of $15,000.00.

135.     Plaintiff Hari Pal, Jr. lost his freedom without legal justification and without his consent.

136.     Plaintiffs suffered costs and damages in an amount to be shown at trial.

**XI.      Prayer for Relief**

Wherefore Plaintiffs pray for relief as follows:

1.  General Damages according to proof;

2.  Special damages according to proof;

3.  For prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law;

14

4. For reasonable attorneys' fees and costs of suit;

5. For such other and further relief as the Court may deem proper.

### XII.   Demand for a Jury Trial

Plaintiffs hereby demand a jury trial in the within entitled action.

Dated:    September 1, 2021                          Law Office of Steve Whitworth


_____
Steve Whitworth, Esq.
Attorney for Plaintiffs